IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JOHN W. HEARNE,

    Petitioner,

v.                                           Civil Action No. 3:08cv171

KEITH DAVIS, WARDEN,
DEERFIELD CORRECTIONAL CENTER,

    Respondent.

## MEMORANDUM OPINION

Petitioner John W. Hearne, a Virginia state inmate proceeding *pro se*, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent filed a Rule 5 Answer and Motion to Dismiss and provided Hearne with appropriate *Roseboro*[1] notice. Respondent contends that the action is barred by the statute of limitations. Hearne responded to the motion, and the matter is ripe for disposition. Jurisdiction is proper pursuant to 28 U.S.C. §§ 636(c) and 2254.

### I. Background

On May 24, 2005, Hearne pleaded guilty in the Circuit Court of Fairfax County (the "Circuit Court") to two counts of aggravated sexual battery. On August 31, 2005, the Circuit Court entered final judgment and sentenced Hearne to twenty (20) years in prison on each count, to run concurrently, with ten (10) years suspended sentence on each count. Hearne did not appeal his conviction.

---

[1] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

1

Hearne filed his 28 U.S.C. § 2254 petition on March 17, 2008. As required under the Local Rules of the United States District Court for the Eastern District of Virginia, this Court directed him to file the petition on a set of standardized forms. The amended petition was then filed on April 17, 2008. In his petition, Hearne raises the following challenges:

(1) Defective warrants without any evidence to support a warrant, such as "no blood test/no rape kit/no physical or medical evidence." (Pet. 6.)

(2) Plea was made under duress because of a "stroke" and "threats against [his] life." (Pet. 7.)

(3) Ineffective assistance of counsel because lawyer "did not advise client," including as to right to appeal, and lawyer did not "develope[sic] any meaningful defense." (Pet. 6, 9.)

(4) Lack of probable cause because "held more than 48 hrs [with] no hearing" and "held over 30 days without hearing or any service of warrants." (Pet. 11.)

(5) Ineffective assistance because lawyer did not advise that Virginia sentence would not be concurrent, and knew Defendant was deaf and could not understand the hearing in court. (Writ 2.)

(6) Other rights violated under the Uniform Commercial Code ("UCC"), malicious prosecution, and the 4th, 5th, 6th, and 8th Amendments. (Writ 4-7.)

## II. Analysis

A.  **Time Bar**

Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA") in 1996. Section 101 of the AEDPA amended 28 U.S.C. § 2244 to require a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

2

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Hearne's conviction became final, as that term is defined in 28 U.S.C. § 2244(d)(1)(A), on September 30, 2005.[2] Hence, Hearne had until October 1, 2006, to file a federal petition for a writ of habeas corpus. Hearne did not file his 28 U.S.C. § 2254 until March 17, 2008, nearly one and one-half years beyond that date. Thus, Hearne's petition is time barred by the statute of limitations unless he can demonstrate that he is entitled to statutory or equitable tolling.

B. **Statutory Tolling**

Hearne suggests that he is entitled to a belated commencement of the limitation period under 28 U.S.C. § 2244(d)(1)(D) because he alleges: 1) defective warrants; 2) plea made under

---

[2] The Supreme Court of Virginia requires that any party who wishes to appeal a decision must file a notice of appeal signed by the party and party's counsel within 30 days "after service of the final order in the case decision." Va. Sup. Ct. R. 2A:2. Generally, the 1-year limitation period "begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002).

3

duress; 3) ineffective assistance of counsel; and, 4) an absence of probable cause. Section 2244(d)(1)(D) states that the limitation period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Specifically, the limitation period commences when the petitioner knows, or through due diligence could have discovered, the factual predicate for a potential claim, not when he or she recognizes their legal significance. *Schlueter v. Varner*, 384 F.3d 69, 74 (3d Cir. 2004). Further, the United States Court of Appeals for the Third Circuit has noted that "due diligence does not require 'the maximum feasible diligence,' but it does require reasonable diligence in the circumstances." *Id.* (*quoting Moore v. Knight*, 368 F.3d 936, 940 (7th Cir. 2004)). Here, Hearne fails to explain why the factual predicate of his claims would not have been available to him at the time of his plea agreement, sentencing, or before the commencement of the limitation period.

As to Hearne's probable cause, defective warrants, and plea made under duress claims, Hearne pleaded guilty in May 2005 to the allegations and signed a written plea agreement at that time. He should have raised then any concerns before he agreed to the plea arrangement, but he failed to do so. He does not present any new facts or evidence that would warrant an extension of the statutory period. Hearne places bare assertions before the Court, including that his lawyer failed to apprise him of his right to appeal, he did not know his sentences would not run concurrently, he suffered a stroke, and that threats were made against his life. He provides no explanatory context. In any event, all of these issues were known to, or reasonably discoverable by, Hearne prior to September 30, 2005. Thus, the facts do not provide a basis for a belated commencement of the limitation period. *Id.*

Similarly, with regard to his ineffective assistance of counsel claim, Hearne knew that he could not appeal his conviction because he explicitly waived it by agreeing to the plea agreement. The plea agreement clearly states that "I understand that by pleading guilty I waive my right to an appeal and that I am admitting that I committed the offense as charged and that the only issue to be decided by the Court is punishment." (Plea Agreement ¶ 6.) Hearne further acknowledges in the plea agreement that his attorney explained the plea agreement to him, and he signed the plea agreement. (Plea Agreement ¶¶ 3, 4.) Even if Hearne had trouble hearing the judge's colloquy, or if Hearne's attorney improperly advised him of a right to appeal (or that he could not pursue an appeal), his written plea agreement provided written notice. As such, these claims do not provide a sufficient basis for tolling of the limitations period. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004). Hearne also noted in the plea agreement that he was "satisfied with his [attorney's] services." (Plea Agreement ¶ 2.) Accordingly, Hearne knew at the time his conviction became final about the factual circumstances undergirding his ineffective assistance of counsel claim, his waiver of the right to appeal.

The Supreme Court of Virginia has explicitly stated:

> [A] voluntary and intelligent plea of guilty by an accused is, in reality, a self-supplied conviction authorizing imposition of the punishment fixed by law. It is a waiver of all defenses other than those jurisdictional, effective as such not only in the lower court but as well in this court. Where a conviction is rendered upon such a plea and the punishment fixed by law is in fact imposed in a proceeding free of jurisdictional defect, there is nothing to appeal.

*Savino v. Commonwealth*, 391 S.E.2d 276, 278 (Va. 1990) (*quoting Peyton v. King*, 169 S.E. 2d 569, 571 (Va. 1969)). Therefore, Hearne has failed to present any evidence that would warrant a belated commencement of the limitations period.

C. **Equitable Tolling**

The AEDPA statute is "subject to equitable tolling." *Harris v. Hutchinson*, 209 F.3d 325, 329-330 (4th Cir. 2000); *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). Equitable tolling of the statute of limitations is appropriate only in "rare instances where–due to circumstances external to the party's own conduct–it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris*, 209 F.3d at 330. Thus, to be entitled to equitable tolling, a petitioner must demonstrate "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse*, 339 F.3d at 246. Further, the United States Court of Appeals for the Fourth Circuit has emphatically stated that equitable tolling principles "do not extend to garden variety claims of excusable neglect." *Id.*

Hearne argues that he deserves a tolling of the statute of limitations deadline because he is not a lawyer and he "didnt [sic] know what to do." (Pet. 14.) Ignorance of the law cannot provide a "basis for equitable tolling." *Sosa*, 364 F.3d at 512; *see also Barrow v. New Orleans Steamship Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991) ("[L]ack of knowledge of applicable filing deadlines is not a basis for tolling . . . . Neither is a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period."). Regardless of the reason for his purported ignorance, such an argument does not constitute an extraordinary circumstance. *Barrow*, 932 F.2d at 478. Hearne fails to demonstrate any basis for equitably tolling the limitation period. Hence, the action is barred by the statute of limitations.

### III. Conclusion

Based on the foregoing reasons, the Motion to Dismiss is GRANTED. (Docket No. 14.) Accordingly, the Petition will be DISMISSED. (Docket No. 1.)

Petitioner has filed a motion for discovery. Petitioner is not entitled to engage in discovery in the absence of a showing of good cause. *See Royal v. Taylor*, 188 F.3d 239, 249 (4th Cir. 1999). "[T]he Supreme Court explained that a petitioner demonstrates 'good cause' for habeas discovery 'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief.'" Id. (*quoting Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997)). In light of the untimeliness of the petition, Petitioner fails to show that further development of the facts underlying his claims might entitle him to relief. Accordingly, Petitioner's motion for discovery (Docket No. 4) will be DENIED.

Petitioner has moved to amend his petition for a writ of habeas corpus to expand his grounds for relief. Leave to amend is appropriately denied where the amendment would be futile, such as here, where the proposed claims would be barred by the statute of limitations. *See United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000). Accordingly, Petitioner's motions to amend (Docket Nos. 26, 28) will be DENIED.

Petitioner also filed a variety of motions demanding release, a hearing, and consideration of new arguments. In light of the disposition of Petitioner's petition for a writ of habeas corpus, such motions (Docket Nos. 5, 12, 19, 21, 27) will be DENIED. An appropriate Order shall issue.

/s/ _____

M. Hannah Lauck
United States Magistrate Judge

Richmond, Virginia
Date: 12/15/08

8